■ STATE OF NEW YORK, Appellant, v BEVERLY PRINCE, Also Known as BEVERLY DAVIS, Respondent. [636 NYS2d 18] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered May 25, 1994, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, and plaintiff's motion granted, without costs. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $256,656, with interest from January 9, 1989.

In this action to recover an overpayment of $256,656 in Medicaid funds based upon the results of a 1989 audit by the Department of Social Services (DSS) of defendant's medical practice, we disagree with the IAS Court's finding that defendant did not have a full opportunity to be heard.

The record is clear that Dr. Prince was given timely notice of all opportunities to participate in the administrative proceeding and to contest DSS's determination of a Medicaid

overpayment and its proposed action and final determination fixing the amount of the overpayment at $256,656.

It is undisputed that Dr. Prince did not invoke the available remedies: she failed to respond within the time limits specified in either the Notice of Proposed Action or the Notice of Action. Dr. Prince does not deny that she received the several notices which informed her of the methods and time limits for challenging the DSS decision. Instead, she claims that those methods were insufficient under the circumstances present here. In large part, she blames her failure to avail herself of those procedures on the psychologically devastating effect of DSS's audit results, which she claims are absurd. Further, Dr. Prince asserts that her belated attempt to seek administrative review was ignored by DSS. However, on the record presented, there is insufficient basis for the court's finding. Significantly, there is no authority cited which sanctions the psychological paralysis excuse asserted by Dr. Prince.

Overall, the record does not provide adequate support for the court's finding that Dr. Prince did not receive a full and fair opportunity to contest the matter. Consequently, inasmuch as she failed to exhaust her administrative remedies, collateral estoppel bars her challenge both as to her liability and the amount due and summary judgment should have been granted. Concur—Kupferman, J. P., Asch, Williams and Tom, JJ.